IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MARIO DUNCAN;<br>    Plaintiff,<br><br>v.<br><br>CHIEF EDWARD CASSESSE; and<br>OFFICER KENNEY BUSSARD;<br>    Defendants | Civil Action No. 07 - 1126<br>District Judge Nora Barry Fischer<br>Magistrate Judge Lisa Pupo Lenihan |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**

It is respectfully recommended that the this action be dismissed for failure to prosecute.

**II.**     **REPORT**

On August 17, 2007, Plaintiff, an inmate confined at the State Correctional Institution at Pine Grove, Pennsylvania, filed this lawsuit under the Civil Rights Act of 1871, 42 U.S.C. $1983. On March 21, 2008 this Court filed a Report and Recommendation that the Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 (doc. no. 10). On May 20, 2008, Plaintiff filed Objections to the Report and Recommendation (doc. no. 14). In his objections, Plaintiff requested that he be allowed to file an amended complaint to cure his deficiencies. On May 22, 2008, the Honorable Nora Barry Fischer vacated the Report and Recommendation and remanded the case back to me to allow Plaintiff to file an amended complaint (doc. no. 15). On May 22, 2008, I ordered Plaintiff to file his amended complaint on or before June 30, 2008. Plaintiff failed to comply with this Court's May 22, 2008 Order. Therefore, on July 7, 2008, the Court ordered Plaintiff to file with the Clerk of Court no later than July 31, 2008 a reason

to show cause why this case should not be dismissed for his failure to file an amended complaint as previously ordered by the Court. The Order further informed Plaintiff that his failure to respond by July 31, 2008, would result in a report to the District Judge recommending dismissal of this case. Currently, the docket reflects that no amended complaint has been filed.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*., at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in

2

question is Plaintiff's alone.

(2) Prejudice to the adversary.

In this case, Defendants have not been served. Thus, there is no prejudice to the adversary.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward. He failed to file an amended complaint as he requested. This is sufficient evidence, in the court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect", Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff has failed to set forth sufficient evidence upon which to assess liability against Defendants. Thus, this factor weighs in favor of dismissal.

All of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute

a waiver of any appellate rights.

                                                               /s/ Lisa Pupo Lenihan
                                                                Lisa Pupo Lenihan
                                                                United States Magistrate Judge

Dated: August 6, 2008

cc:     Nora Barry Fischer
        United States District Judge

        David Mario Duncan, DL 5755
        18 5th Avenue
        Ford City, PA 16226